## TEXAS–CANADIAN OIL CORPORATION et al. v. SHELL OIL CO., Inc.
### No. 9363.

Court of Civil Appeals of Texas. Austin.

March 10, 1943.

Rehearing Denied March 31, 1943.

Wheeler & Wheeler, of Austin, for appellant Texas-Canadian Oil Corporation.

Gerald C. Mann, Atty. Gen., James D. Smullen, Asst. Atty. Gen., Lloyd Armstrong, Asst. Atty. Gen., and Ed Roy Simmons, Asst. Atty. Gen., for appellant Railroad Commission.

R. H. Whilden, of Houston, and Dan Moody, and J. B. Robertson, both of Austin, for appellee.

McCLENDON, Chief Justice.

Rule 37 case. The appeal is by the permittee and the Railroad Commission from a final judgment in a trial to jury cancelling a permit to drill well No. 3 upon a 3-acre lease in the East Texas oil field, and enjoining production thereunder. The permit was granted "to prevent confiscation of property and to prevent physical waste."

At the close of plaintiff's (appellee's) testimony defendants (appellants) moved for an instructed verdict. Upon its overruling they announced they desired to present no evidence, "whereupon," the judgment recites, "it appearing to the court that the law and the facts are with the plaintiff, and the evidence did not present any issue for decision by the jury, it was discharged and the court announced that judgment would be rendered for plaintiff." As stated at the outset, this was done. The sole question which the appeal presents is whether the evidence conclusively negatived the existence of substantial evidence supporting either the prevention of waste or prevention of confiscation of property theories, thus rebutting the prima facie presumption of validity of the permit.

But two witnesses (those of appellee) testified. One of these was a surveyor who showed the relative location of the two wells on the lease, and of those upon the surrounding territory covering the eight times area. The other witness was a petroleum engineer of appellee, who testified as to his familiarity with conditions in this area, and various factors affecting the waste and confiscation theories. His testimony was unequivocal that from these factors the well was not essential to prevent either waste or confiscation of property. This witness was not cross examined by either the permittee or the Commission. Their contention, and only contention, is that the witness did not specifically detail various factual matters which might affect the issues of waste and confiscation, and therefore the prima facie presumption of

validity of the permit was not overcome. We overrule this contention. The evidence was clearly sufficient to support the judgment. The matters testified to and the conclusions drawn therefrom constituted information as well within the knowledge of permittee and the Commission as that of appellee. The factual elements upon which the permit was based were matters which appellants were bound to have known. Their failure to offer any disparaging evidence, whether original or by way of cross examination, left the testimony of this witness unchallenged, and it therefore stands as conclusive proof in support of the judgment.

The trial court's judgment is affirmed.

Affirmed.